[Civ. No. 22412.   Second Dist., Div. Three.   Feb. 10, 1958.]

ROBERT J. HUGHES, Appellant, v. SAMUEL D. BURGESON, Respondent.

Robert B. Hughes for Appellant.

McIver & Green and Robert Miller Green for Respondent.

PATROSSO, J. pro tem.*—In this action of unlawful detainer for defendant's failure to surrender possession after the expiration of the terms of the lease under which the premises were leased, plaintiff recovered judgment for recovery of possession, damages for the detention thereof, accrued rent and taxes agreed to be paid by defendant as well as for damages by reason of defendant's failure to construct certain buildings as required by the lease. Being dissatisfied with the amount allowed by way of damages for the latter item, plaintiff appeals from such portion of the judgment, the propriety of which is the sole question presented upon this appeal.

By the terms of the lease defendant was required to construct five or more "multiple residential units" of stucco construction with "cement floors and plastered inside or as mutually agreed upon"; the defendant undertaking to submit to plaintiff within 30 days "a plan of a multiple unit which he expects to use as a model" subject to the proviso that "such units however may be altered as mutually agreed upon." No such plan was ever submitted by defendant but the trial court found that the parties had agreed that each unit was to consist of four apartments, with each apartment having a combination living-bedroom, kitchen with a dining area, and a bath. By a subsequent agreement dated November 15, 1950, the lease was modified so as to provide for the purchase by defendant of an existing building of six units, the purchase price thereof to be evidenced by a promis-

---

*Assigned by Chairman of Judicial Council.

sory note to be executed jointly by plaintiff and defendant but to be paid by the latter, and secured by a deed of trust upon the demised premises. The agreement contemplated that the building so purchased was to be moved upon the demised premises, and it was in fact so moved thereon at defendant's expense; the agreement further providing that it should "be accepted by the Lessor in place of one of the five multiple units referred to in the original lease, which the Lessee . . . agreed to construct at his own cost on the leased property." This building is identified in the record as 3.

The evidence discloses that during the negotiations between the parties leading up to the execution of the lease, but a few weeks before the formal execution thereof, defendant acquired and caused to be moved onto the demised premises a large building which was originally a garage, which he converted into two separate units consisting of five sleeping rooms each. Later, in the year 1947, defendant converted six of said sleeping rooms into apartments each containing a living room, kitchen and bathroom. These two buildings are designated in the record as "1" and "1." Still later, in 1948, defendant acquired with funds borrowed from plaintiff, and by him later repaid, another existing building which he caused to be moved onto the demised premises. This building originally consisted of four motel rooms, but was altered or reconstructed by defendant into three apartments and one motel room, each apartment consisting of a living room, kitchen, shower and toilet. This building is designated in the record as 2.

The trial court found that buildings "1" and "1" and building 2 last above referred to, were accepted by plaintiff in place of three of the four multiple units which defendant, by the terms of the lease as modified by the agreement of November 15, 1950, agreed to construct. The court further found that the fourth multiple unit was never constructed by defendant and awarded plaintiff damages therefor in the sum of $10,200.

Plaintiff complains of this finding, his contention being that it is erroneous for two reasons: (1) that the pleadings raised no issue with respect to the acceptance of said buildings as satisfying the requirement of the lease, as modified, that defendant construct four multiple units, and (2) that in any event the finding is unsupported by the evidence. We proceed to consider each of these contentions in the order stated.

Looking to the pleadings we find that after alleging the execution and terms of the lease and modifying agreement of November 15, 1950, the complaint alleges that defendant

failed to construct four multiple units to plaintiff's damage in the sum of $40,000, and this allegation is denied in defendant's answer.

Upon the trial during plaintiff's case in chief his counsel sought to examine plaintiff with reference to conversations had between the parties preceding the execution of the lease with specific reference to the type and size of the buildings which defendant was to construct. Upon objection being made thereto by counsel for defendant, counsel for plaintiff urged that such proof was admissible by reason of the fact that the lease was ambiguous in that it did not set forth the type and size of such buildings. The trial judge accepted this view and overruled the objection whereupon plaintiff was permitted to testify at length to conversations had with defendant with respect to this subject. Upon cross-examination of the plaintiff when counsel for defendant sought to examine him with reference to such conversations for the specific purpose of showing that it was agreed that under the provision requiring the construction of multiple units defendant was to be permitted to acquire buildings already constructed and move the same upon the demised premises, counsel for the plaintiff objected that such proof was outside of the issues tendered by the pleadings. The trial judge in overruling the objection stated that he had permitted plaintiff to adduce proof as to the character of the buildings upon his (plaintiff's) insistence that the lease was ambiguous in this particular, and that under the circumstances defendant was entitled to inquire fully with respect to conversations had upon the subject in question. Defendant did not request a continuance for the purpose of meeting such proof, and thereafter the matter was fully explored by both parties.

The defendant's answer denied the allegations of paragraph XV of plaintiff's complaint wherein it is alleged that by agreement of the parties the multiple units "were to consist of four apartments each, with each apartment having a combination living-bedroom, kitchen with a dining area, and a bath" and that defendant had neglected and refused to "construct the four multiple units which he agreed to construct." Under the issue thus raised we see no reason why defendant should not be permitted to prove that he had complied at least in part with his agreement by moving onto the demised premises buildings "1" and "1" and building 2; thereafter altered or remodelled the same into apartments, and that plaintiff accepted the same as complying with the terms of the lease. "The defendant, under an answer

specifically denying the allegations of the complaint, may show any facts tending to defeat the plaintiff's right to recover at all or to recover to the extent claimed, or tending to prove that the cause of action never existed. Likewise, under a general denial, where otherwise proper, the defendant may introduce evidence of a fact that tends directly to disprove some allegation in the complaint, such as payment, title, or transfer to another person of the demand sued on." (39 Cal. Jur.2d p. 455, § 336.) However if it were to be conceded, as plaintiff contends, that this constituted new matter which should have been specially pleaded, we would not be disposed to reverse the judgment. ■ Pleadings serve a real purpose in defining the issues but they are a means and not an end in themselves. ■ Where as here, no prejudice has resulted, it would be futile to order a new trial upon an issue fully tried because of a technical defect in pleading which upon such new trial the court would undoubtedly permit an amendment to correct.

■ Likewise without merit is appellant's second contention that the trial court's finding to the effect that appellant accepted the three buildings previously referred to in place of three multiple units which defendant agreed to construct, is unsupported by the evidence. The pertinent testimony touching this matter, viewed in the light most favorable to respondent, may be briefly summarized.

The demised premises at and prior to the time of the execution of the lease between the parties here had been used as a trailer camp and were in a run-down condition. At this time respondent was engaged in operating a motel on Olympic Boulevard, of which fact appellant was aware, having inspected it prior to the execution of the lease and being familiar with the manner of its operation. With this knowledge appellant sought to interest respondent in taking a lease upon appellant's property. In the course of the negotiations preceding the execution of the lease it was stated that respondent was to conduct his operations thereon "along the same pattern" as the Olympic Motel, and that the "construction idea of the premises were to be similar to" the Olympic Motel. Respondent stated to appellant that it would not be possible for him at the time to build any buildings due to the inability to secure priorities, and that it would be necessary to acquire buildings already constructed and move them onto the property as he (respondent) had done at his Olympic Motel. Appellant then stated that he desired respondent "to do about the same as you have at the East Olympic Motel;

find some buildings and move them in," and respondent replied that he would have his business manager start looking for buildings. Following this respondent advised appellant that he had located a building 18 by 100 which he felt might be converted into two buildings of five sleeping rooms each. Appellant thereupon stated he would look at the building, and later gave his permission to move the same upon the property, following which it was placed upon the premises at a location agreed upon between the parties, and divided into two buildings and later remodelled into apartments. This structure is the one heretofore referred to as buildings "1" and "1." Later respondent advised appellant that he had located another building in Venice. The parties visited this building together, and thereupon an agreement was reached whereby appellant was to loan respondent $2,500 with which to acquire the building. The building was thus acquired and by the respondent moved upon the demised premises and converted into apartments as previously described. This building is the one hereinbefore designated as 2.

Upon the basis of this evidence the trial court was warranted in concluding, as it did, that appellant had accepted each of these three buildings as altered and remodelled after being moved onto the demised premises as though they had been originally constructed thereon and as satisfying the requirement of the lease. In opposition to this view appellant argues that, if such had been the intention of the parties, they would in each instance have executed a written agreement similar to that of November 15, 1950, with respect to building 3. Also reference is made to this modifying agreement wherein it is recited that this building "shall be accepted by the Lessor in place of one of the five multiple units referred to in the original lease" and it is said that this negatives any intent by appellant that he had so accepted the previous three buildings ("1" and "1" and 2) which had been moved upon the premises. Such an inference may justifiably be said to arise from these facts but at best this serves only to create a conflict in the evidence which has been resolved adversely to appellant by the finding of the trial court.

The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied March 4, 1958, and appellant's petition for a hearing by the Supreme Court was denied April 9, 1958.